UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JHEN P. GARCIA,<br><br>               Plaintiff,<br><br>    -against-<br><br>34 W. 9TH OWNERS CO-OP; MAXWELL-KATES; ARABELLA BOWEN, JOSHUA HOLZER,<br><br>               Defendants. | 1:24-CV-2482 (ALC)<br><br>ORDER OF SERVICE |

ANDREW L. CARTER, JR., United States District Judge:

Plaintiff Jhen P. Garcia brings this *pro se* action invoking 42 U.S.C. § 1981 and seeking damages. He sues: (1) 34 W. 9th Owners Co-op (the "Co-op"); (2) Maxwell-Kates, Inc. ("Maxwell-Kates"), which appears to be a building management corporation; (3) Arabella Bowen, who is alleged to be the President of the Co-op; and (4) Joshua Holzer, who is alleged to be either the President or a Vice President of Maxell-Kates. The Court construes Plaintiff's complaint as asserting claims of race and/or national origin-based employment discrimination under Title VII of the Civil Rights of 1964 and/or claims of race, ancestry, or ethnic characteristics-based employment discrimination under Section 1981, as well as claims of retaliation under Title VII and/or Section 1981. The Court also construes the complaint as asserting claims of denial of overtime pay and/or retaliation under the Fair Labor Standards Act. In addition, the Court construes the complaint as asserting claims of employment discrimination and retaliation under the New York State and City Human Rights Laws and claims of retaliation under N.Y. Labor Law § 215.[1]

---

[1] On May 3, 2024, Plaintiff filed a letter requesting the appointment of counsel. (ECF 6.)

By order dated April 3, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). The Court denies Plaintiff's request for the appointment of counsel and directs service on the defendants.

## DISCUSSION

### A.    Request for the appointment of counsel

The Court must, at this time, deny Plaintiff's request for the appointment of counsel. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, his efforts to obtain a lawyer, and his ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits is "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Even if a court does believe that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989).

Because it is too early in the proceedings for the Court to assess the merits of Plaintiff's claims, the Court denies Plaintiff's request for the appointment of counsel (ECF 6) without prejudice to Plaintiff's filing an application for the Court to request *pro bono* counsel at a later date.

### B.    Service on the defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service to effect service.[2] *Walker v.*

---

[2]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any

*Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the defendants through the United States Marshals Service, the Clerk of Court is instructed to fill out a United States Marshals Service Process Receipt and Return form ("USM-285 form") for each of the defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon each of the defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court denies Plaintiff's request for the appointment of counsel (ECF 6) without prejudice to Plaintiff's filing an application for the Court to request *pro bono* counsel at a later date.

The Court also directs the Clerk of Court to: (1) issue summonses for: (i) 34 W. 9th Owners Co-op, (ii) Maxwell-Kates, Inc., (iii) Arabella Bowen, and (iv) Joshua Holzer;

---

summonses be issued. The Court therefore extends the time to serve until 90 days after the date that any summonses issue.

(2) complete USM-285 forms with the service addresses for each of those defendants; and

(3) deliver all documents necessary to effect service of summonses and the complaint on the

defendants to the United States Marshals Service.

SO ORDERED.

Dated:   May 13, 2024
         New York, New York

_____
          ANDREW L. CARTER, JR.
          United States District Judge

## SERVICE ADDRESS FOR EACH DEFENDANT

1.  35 W. 9th Owners Co-op
    35 West 9th Street
    New York, New York 10011

2.  Arabella Bowen, President
    35 W. 9th Owners Co-op
    35 West 9th Street
    New York, New York 10011

3.  Maxwell-Kates, Inc.
    9 East 38th, 6th Floor
    New York, New York 10016

4.  Joshua Holzer, President or Vice President
    Maxwell-Kates, Inc.
    9 East 38th, 6th Floor
    New York, New York 10016