In light of Judge Carter's Order, filed today at ECF No. 65, overruling Plaintiff's objections to the Opinion and Order dated October 31, 2025 (ECF No. 53), Plaintiff's Motion to Partially Lift the Stay is hereby DENIED AS MOOT.

SO ORDERED
Dated: March 5, 2026

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**JHEN GARCIA**,

Plaintiff,

v.

**35 W. 9TH OWNERS CO-OP et al.**,

Defendants.

**Case No. 1:24-cv-02482 (ALC) (SDA)**

**PLAINTIFF'S MOTION TO PARTIALLY LIFT STAY FOR LIMITED DISCOVERY**

I, Jhen Garcia, proceeding pro se, respectfully move this Court to partially lift the stay imposed by Magistrate Judge Aaron's Opinion and Order (ECF No. 53) for the limited purpose of taking targeted depositions of Joshua Holzer and Michelle Garlarza. This narrow discovery is necessary to resolve the genuine and material factual dispute regarding my union membership status and treatment that Your Honor previously identified. This motion is made pursuant to the Court's inherent authority, the Federal Arbitration Act § 4 (9 U.S.C. § 4), and Fed. R. Civ. P. 56(d).

1

**I. Background and Prior Rulings**

On September 30, 2025, Your Honor denied Defendants' initial motion to compel arbitration without prejudice, finding a genuine issue of material fact as to whether I was/treated as a union member and thus bound by the CBA (ECF No. 42 at 7–8).

Defendants renewed the motion (ECF No. 46), relying in significant part on Joshua Holzer's affidavit (ECF No. 48-2). That affidavit is silent on a critical event: the speakerphone call in which Garlarza told Holzer — in my presence and in the presence of a second union representative — that I was not a union roster member and would receive no assistance. This omission is material and inconsistent with facts known to Holzer at the time.

On October 31, 2025, Magistrate Judge Aaron granted the renewed motion and stayed the action (ECF No. 53). I filed timely objections under Fed. R. Civ. P. 72(a) (ECF No. 54). The matter is now awaiting Your Honor's ruling.

**II. Argument – Limited Discovery Is Necessary and Appropriate**

**A. Genuine Fact Issues Remain Unresolved**

Your Honor correctly recognized that whether Plaintiff was and was treated as a union member—and therefore whether the CBA binds Plaintiff—remains a genuine issue of material fact (ECF No. 42 at 7–8). Plaintiff's paystubs show no dues deducted; Plaintiff received no union card, no benefits, and no other indicia of membership. Most critically, when Plaintiff sought the union's help with the very discrimination at issue, Garlarza told Holzer on speakerphone—in Plaintiff's presence and that of a second union representative—that Plaintiff "was not a member and would receive no assistance."

Although Defendants' renewed motion supplied the full CBA, including its standard "all employees" recognition clause designating 32BJ as the exclusive bargaining representative, that language alone does not resolve the genuine factual dispute this Court previously identified regarding whether Plaintiff was ever within the bargaining unit to which the CBA applies. Under FAA § 4, when extrinsic evidence raises a genuine dispute concerning the existence, formation, or applicability of an arbitration agreement, the Court must resolve that dispute before compelling arbitration. Here, the Union's direct disclaimer of representation and Defendants' contemporaneous treatment of Plaintiff as an unprotected non-union worker (including the immediate placement of the well-known NYC union "rat" symbol in Plaintiff's shoe the day after Plaintiff's protected complaint to Vice President Holzer) create precisely such a dispute. These facts demonstrate that both the Union and management themselves understood and applied the CBA as *not* covering Plaintiff.

**B. Defendants' Pattern of Non-Cooperation and Bad Faith**

From the moment I first raised the racism I experienced, I have encountered consistent rejection and delay: rejection by the union (Garlarza's explicit denial), rejection of pre-suit communications, rejection of my March 2025 demand, and now rejection of my good-faith revised demand, a reduction of more than 65% from the original. Despite these good-faith efforts to resolve the matter, Defendants have offered no counterproposal and provided no cooperation.

**C. Depositions of Holzer and Garlarza Will Resolve the Dispute**

A limited deposition of Holzer and Garlarza will conclusively resolve whether I was a union member and whether the CBA applies. These depositions, combined with my paystubs and the absence of any membership documentation, will fully address the genuine factual dispute Your Honor identified in ECF No. 42 and prevent further delay or unfair "redo" through arbitration.

**D. No Prejudice and Strong Judicial Economy**

Allowing these narrowly focused depositions will cause minimal burden while serving the interests of justice and efficiency. Resolving this threshold issue now will either allow the case to proceed in this Court or arbitration. It prevents the waste of additional time and resources caused by Defendants' repeated filings and non-cooperation.

### III. Requested Relief

I respectfully request that the Court:

1. Partially lift the stay for the limited purpose of allowing Plaintiff to take the depositions of Joshua Holzer and Michelle Garlarza only, regarding

   ○ The speakerphone call from Garlarza in which she stated I was not a member and would receive no assistance;

   ○ The reasons for Joshua Holzer omitting this call from his affidavit;

   ○ The placement of the toy rat in my shoe a day after my complaint about racial discrimination to Vice President Holzer, including its timing, its meaning as a known union symbol for non-union workers, and its connection to retaliation and the perception that I was an unprotected outsider.

2. Order that Defendants may not depose Plaintiff at this stage. This limited, one-way discovery will allow the Court to resolve the genuine factual dispute without opening the door to broader or retaliatory discovery while the stay remains in effect on all other matters.

3. Set a brief schedule (30–45 days) for this discovery and any follow-up briefing or hearing on arbitrability.

Dated: February 26, 2026

Respectfully submitted,

/s/ Jhen Garcia

Jhen Garcia

Pro Se Plaintiff

Boutte, LA 70039

phillipjhen@gmail.com

**Certificate of Service**

I certify that on February 26, 2026, I served this motion on Defendants' counsel,

Todd H. Girshon, Esq. todd.girshon@gtlaw.com

Kevin W. Murray, Esq. kevin.murray@gtlaw.com

/s/ Jhen Garcia

---

**Attachments:**

**- Exhibit D:** Photograph of RUBBER RAT placed in Jhen's shoe.

**- Exhibit Q:** Preservation letter to the union + proof of email

6

# EXHIBIT D



 Gmail                                                    Jhen Phillip <phillipjhen@gmail.com>

## Immediate Preservation of Video Footage and Records – Garcia v. 35 W. 9th Owners Co-op et al., Case No. 1:24-cv-02482 (ALC) (SDA) (S.D.N.Y.)

1 message

**Jhen Phillip** <phillipjhen@gmail.com>                          Thu, Feb 19, 2026 at 12:27 AM
To: burbina@32bjfunds.com, legal@32bj.org, wkwong@32bjfunds.com, employerrelations@32bjfunds.com

Dear Legal Department / Records Custodian,

Re: Immediate Preservation of Video Footage and Records – Garcia v. 35 W. 9th Owners Co-op et al., Case No. 1:24-cv-02482 (ALC) (SDA) (S.D.N.Y.)

This letter constitutes a formal demand for the immediate preservation of all electronically stored information (ESI) and physical records on or about April 25, 2023. Specifically, please preserve all video surveillance footage, sign-in logs, visitor records, phone logs, and any other documentation pertaining to my in-person meeting at your office with union representative Michelle Garlarza and an additional male representative.

These materials are relevant to the above-referenced federal litigation. They are intended to corroborate a speakerphone conversation that occurred during the meeting, involving Ms. Garlarza and Maxwell-Kates Vice President Joshua Holzer, regarding my union membership status and the provision of assistance.

Please provide written confirmation to phillipjhen@gmail.com within seven (7) days that these materials have been secured. This evidence must be maintained until the final conclusion of this litigation. Please be advised that a failure to preserve these records may result in a motion for sanctions based on the spoliation of evidence.

Thank you for your cooperation in this matter.

Sincerely,

Jhen Garcia
Pro Se Plaintiff
phillipjhen@gmail.com



EXHIBIT Q